IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DERRICK WEBSTER, § | |
| § | |
| Petitioner, § | |
| § | |
| V. § | |
| § | No. 3:13-cv-3867-B-BN |
| WILLIAM STEPHENS, Director § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Derrick Webster, a Texas prisoner, has filed an application for writ of habeas corpus challenging his 2003 conviction for assault on a public servant.

"Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d); *see also Ex parte Green*, 39 F.3d 582, 583-84 (5th Cir. 1994). These filing requirements are jurisdictional. *See United States v. Mares,* 868 F.2d 151, 152 (5th Cir. 1989). The district court wherein such an application is filed may, in the exercise of its discretion and in furtherance of justice, transfer the case to another district court for hearing and determination. *See* 28 U.S.C. § 2241(d).

Petitioner was convicted in the 372nd District Court of Tarrant County, Texas, which lies within the Fort Worth Division of the Northern District of Texas. *See id.* § 124(a)(2). He is currently incarcerated in the James V. Allred Unit of the TDCJ-CID, which lies within the Wichita Falls Division of the Northern District of Texas. *See id.* § 124(a)(6).

The undersigned therefore determines that this case should be transferred to the Fort Worth Division of the Northern District of Texas, the district and division where the state court that convicted and sentenced petitioner is located. *See Henderson v. Quarterman*, No. 3:07-cv-248-B, 2007 WL 1411558 (N.D. Tex. May 11, 2007); *Itson v. Johnson,* No. 3:01-cv-143-L, 2001 WL 210451, at *2 (N.D. Tex. Feb. 28, 2001).

### Recommendation

Petitioner's application for habeas corpus relief should be transferred to the Fort Worth Division of the Northern District of Texas.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 25, 2013

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE